UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SUNNY EJENG ARIKPO | |
| Petitioner, | |
| v. | No. 1:26-CV-00048-H |
| WARDEN, BLUEBONNET DETENTION CENTER,[1] | |
| Respondent. | |

## ORDER

Petitioner Sunny Ejeng Arikpo, a self-represented immigrant detainee, filed this habeas action to challenge his prolonged detention pending cancellation-of-removal proceedings. Dkt. No. 1. He also seeks expedited briefing and review of his petition. Dkt. No. 4. He explains that his immigration case is set for a final merits hearing on February 25, 2026, and he must submit evidence for the hearing by February 11, 2026. He argues that he cannot adequately prepare, gather, and submit evidence while he is detained, so he asks that his habeas petition be expedited so that he can obtain release or a bond hearing "sufficiently in advance" of the scheduled hearing. *Id.* As explained below, the Court denies his motion to expedite.

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193,

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255). Section 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Here, Petitioner asserts that he has been detained for nearly a year. He does not explain why he waited until right before his evidence-submission deadline to seek habeas relief. Petitioner's unexplained delay in seeking relief cannot create a legitimate basis for urgency. Petitioner has not shown good cause for expedited briefing or for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's motion to expedite is denied. This habeas petition remains pending and the Court will enter a separate order requiring a response from the respondent and setting a schedule for briefing.

So ordered.

Dated February 6, 2026.

                                                    _____
                                                    JAMES WESLEY HENDRIX
                                                    United States District Judge